IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BEM, | No. C 15-2485 MMC |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| STRYKER CORPORATION; NORMAN CHEUNG; SAINT ROSE MEDICAL BUILDING, INC.; HAYWARD SISTERS HOSPITAL; ALECTO HEALTHCARE SERVICES, LLC; and DOES 1 to 100, inclusive, | |
| Defendants. | |

Before the Court is the Motion to Dismiss, filed July 7, 2015, by defendant Stryker Corporation ("Stryker"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff James Bem ("Bem") has filed opposition, to which Stryker has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for August 14, 2015, and rules as follows.

The operative complaint, Bem's Second Amended Complaint ("SAC"),[1] is based on an alleged defect in a hip replacement product manufactured by Stryker. In the SAC, Bem

---

[1] The instant case was removed from state court on Bem's First Amended Complaint ("FAC"). Bem filed the SAC in response to Stryker's motion to dismiss the FAC.

raises two causes of action, negligence and products liability, and seeks both compensatory and punitive damages.

By the instant motion, Stryker seeks dismissal of the above-referenced two causes of action as well as the prayer for punitive damages, on the ground that the SAC fails to plead sufficient facts to state a claim upon which relief can be granted, and, in no event, facts sufficient to support an award of punitive damages. The Court, for the reasons set forth by Stryker, agrees.

Bem's First Cause of Action, negligence, is deficient, as Bem relies solely on conclusory allegations and fails to plead any facts describing the particular defect, the injury sustained, the manner in which Stryker was negligent, or how any such negligence caused or contributed in any manner to any specified injury. (See SAC ¶¶ 9, 10 (alleging Stryker "manufactured, distributed, owned, constructed, designed, assembled, sold, or caused to be sold" subject product and did so "with no warnings, or inadequate warnings"); id. ¶ 13 (alleging "as a proximate result of the foregoing," Bem was required to obtain medical treatment for "injuries")); see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

For the same reasons, Bem's Second Cause of Action, products liability, is deficient. (See SAC ¶ 19 (incorporating allegations from First Cause of Action and alleging Stryker, "from victims, governmental agencies, newspapers, product safety groups, insurance companies, and others," was "aware of injuries similar to or the same as those suffered by [Bem]"); see, e.g., Wendell v. Johnson & Johnson, 2010 WL 271423, *4 (N.D. Cal. Jan. 20, 2010) (dismissing negligence and products liability claims where complaint "simply recite[d] the elements of each cause of action and repeat[ed] the same failure-to-warn allegations" without "alleg[ing] how [defendant's] warnings about [product] were inadequate" or "how [defendant] was negligent in failing to satisfy any other duty of care"); see also Rhynes v. Stryker, 2011 WL 2149095 (N.D. Cal. May 31, 2011) (dismissing negligence and products liability claims where plaintiff failed to plead facts to support allegation she was injured by

prosthesis).

Lastly, Bem's prayer for punitive damages is deficient, as Bem has not alleged any facts to support a finding that Stryker acted with oppression, fraud, or malice, see Cal. Civ. Code § 3294(a) (providing for award of punitive damages where plaintiff shows "defendant has been guilty of oppression, fraud, or malice"), nor has Bem alleged any such conduct was the "act of" or was done with the "authorization [or] ratification" of an "officer, director, or managing agent" of Stryker, see Cal. Civ. Code § 3294(b); Alcaraz v. Wachovia Mortg., FSB, 2009 WL 160308, at *12, *14 (E.D. Cal. 2009) (holding "section 3294(b) requires proof of wrongful conduct among corporate leaders"; striking punitive damages allegations as "at best, conclusory").

Although, as Stryker points out, the above-noted deficiencies were raised in Strykers' motion to dismiss the FAC, the Court will afford Bem one final opportunity to amend to plead whatever "additional facts" Bem states he can include to "get the pleadings in order" (see Opp'n at 4:8-9; 5:16-17).

Accordingly, for the reasons stated above, Stryker's motion to dismiss is hereby GRANTED, and Bem's Second Amended Complaint is hereby DISMISSED with leave to amend to cure the deficiencies identified above. Bem shall file his Third Amended Complaint no later than August 19, 2015.

**IT IS SO ORDERED.**

Dated: July 29, 2015

MAXINE M. CHESNEY
United States District Judge

3