United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    JAMES BEM,                                    No. C-15-2485 MMC

12            Plaintiff,                            **ORDER GRANTING MOTION TO
                                                    DISMISS; DENYING PLAINTIFF LEAVE**
13      v.                                          **TO AMEND**

14    STRYKER CORPORATION; NORMAN
      CHEUNG; SAINT ROSE MEDICAL
15    BUILDING, INC.; HAYWARD SISTERS
      HOSPITAL; ALECTO HEATLHCARE
16    SERVICES, LLC; AND DOES 1 to 100,

17            Defendants.
      _____/

18

19        Before the Court is defendant Stryker Corporation's ("Stryker") "Motion to Dismiss

20    Plaintiff's Third Amended Complaint," filed August 26, 2015, pursuant to Rule 12(b)(6) of

21    the Federal Rules of Civil Procedure.  Plaintiff James Bem ("Bem") has filed opposition, to

22    which Stryker has replied.  Having read and considered the papers filed in support of and in

23    opposition to the motion, the Court rules as follows.[1]

24        The operative complaint, Bem's Third Amended Complaint ("TAC"), is based on an

25    alleged defect in a hip replacement device manufactured by Stryker.  In the TAC, Bem

26    asserts causes of action for products liability, negligence, breach of implied warranty, and

27    _____

28        [1]By order filed October 14, 2015, the Court found the matter appropriate for decision
      on the parties' respective written submissions, vacated the hearing scheduled for October
      16, 2015, and took the matter under submission.

1  breach of express warranty, the latter two claims having been alleged for the first time in

2  the instant pleading.[2]  Bem seeks both compensatory and punitive damages.

3  By the instant motion, Stryker seeks dismissal of the above-referenced four causes

4  of action, as well as the prayer for punitive damages, on the ground that the TAC fails to

5  plead sufficient facts to state a claim upon which relief can be granted or to support an

6  award of punitive damages.  The Court, for the reasons set forth by Stryker, agrees.

7  The operative complaint represents Bem's fourth effort to plead one or more viable

8  claims, and, once again, he has failed to do so, despite having been expressly advised by

9  the Court as to the deficiencies that he has failed to cure.  (See Order Granting Motion to

10  Dismiss ("Order"), filed July 29, 2015.)

11  As to products liability and negligence, Bem has failed to identify any defect in

12  Stryker's product, any particular warning that should have accompanied that product, or the

13  manner in which Stryker was negligent as to the manufacture or marketing of the product,

14  let alone how any such defect or negligence caused or contributed to any specified injury.

15  Rather, Bem relies exclusively on conclusory allegations, which, as a matter of law, are

16  insufficient.  (See, e.g., TAC ¶ 9 (alleging Stryker "negligently manufactured, distributed,

17  owned, constructed, designed, assembled, sold, or caused to be sold" subject product "with

18  no warnings, or inadequate warnings"); ¶ 11 (alleging Stryker "failed to use reasonable care

19  in designing" subject product by "fail[ing] to properly and thoroughly test" product and

20  "analyze the data resulting from pre-market testing"); ¶ 13 (alleging "as a proximate result

21  of the foregoing," Bem had to seek medical treatment)); see Ashcroft v. Iqbal, 556 U.S.

22  662, 678 (2009) (holding complaint does not suffice "if it tenders 'naked assertion[s]' devoid

23  of 'further factual enhancement'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557

24  (2007)).

25  Bem's causes of action for breach of warranty fail for similar reasons and for

26  additional reasons as well.  To plead a claim for breach of implied warranty, a plaintiff must

27  _____

28  [2]In his TAC, Bem also asserted a fifth cause of action for fraudulent representation,
which he has since withdrawn.  (See Pl.'s Opp. at 9:16.)

2

1   allege facts showing how the subject product is not "fit for the ordinary purposes for which

2   such [products] are used," see Cal. Commercial Code § 2314 (setting forth requirements

3   for creation of implied warranty of merchantability), or how the product is not "fit for" the

4   "particular purpose" of the buyer, see Cal. Commercial Code § 2315 (setting forth

5   requirements for creation of implied warranty of fitness for particular purpose).  To plead a

6   claim for breach of express warranty, a plaintiff must allege facts showing how the product

7   does not conform to the seller's "affirmation," "description," "sample," or "model."  See Cal.

8   Commercial Code § 2313 (setting forth requirements for creation of express warranty).

9   Here, however, Bem has failed to allege facts to support a finding that there was any

10   breach.  As discussed above, Bem has not identified a manufacturing or design defect, nor

11   has he identified any other failure of the product rendering it unusable for its ordinary or

12   particular purpose or contravening any representation made by Stryker, and Bem has failed

13   to allege any facts showing how the asserted breach caused or contributed to his injuries.

14   (See, e.g., TAC ¶ 28 (alleging product "is unreasonably dangerous and unfit for the

15   ordinary purpose for which it was used"); ¶ 35 (alleging Stryker "breached [its] duties to

16   [p]laintiff by providing false, incomplete, and/or misleading information regarding [its]

17   product"); ¶ 29, 36 (alleging "as a proximate result of the foregoing, [p]laintiff was required

18   to employ physicians to treat injuries")).

19   Moreover, "privity of contract is required in an action for breach of either express or

20   implied warranty," see Blanco v. Baxter Healthcare Corp., 158 Cal. App. 4th 1039, 1058-59

21   (2008), and Bem has failed to allege any facts to show any such privity existed between

22   himself and Stryker.  Lastly, to plead a breach of express warranty, a plaintiff must "allege

23   the exact terms of the warranty."  See Williams v. Beechnut Nutrition Corp., 185 Cal. App.

24   3d 135, 142 (1986).  Here, Bem failed to plead the specific language allegedly used by

25   Stryker to create the express warranty.  (See, e.g., TAC ¶ 31 (alleging "[d]efendant falsely

26   represented to [p]laintiff that the system was a safe and effective option to his care and

27   treatment").)

28   Ordinarily, the Court would afford Bem an opportunity to plead, if he could do so,

3

1   facts to support a finding of privity and the terms of any express warranty.  In this instance,

2   however, Bem has had multiple opportunities to cure the other deficiencies described

3   above, and contrary to Bem's assertions, he cannot rely on discovery to supply the missing

4   elements of his claim.  See Iqbal, 556 U.S. at 678-79 (noting Rule 8 "does not unlock the

5   doors of discovery for a plaintiff armed with nothing more than conclusions").  Indeed, as

6   Stryker points out, Bem was expressly advised that his TAC would be his "one final

7   opportunity" to plead a viable claim.  (See Order, filed July 29, 2015); see also Chang v.

8   Chen, 80 F.3d 1293, 1301 (9th Cir. 1996) (affirming dismissal of second amended

9   complaint without leave to amend where "district court informed [plaintiffs] that only one

10  more amendment to the complaint would be permitted"; noting plaintiffs "had ample

11  opportunity to plead a cognizable" claim, and, under such circumstances, "there [was] no

12  reason to believe that any amendment would cure the deficiency"), rev'd on other grounds,

13  486 F.3d 541 (9th Cir. 2007).

14       Accordingly, Stryker's motion is hereby GRANTED, and the above-titled action is

15  hereby DISMISSED.

16       **IT IS SO ORDERED.**

17  Dated: October 16, 2015

18  MAXINE M. CHESNEY
    United States District Judge

19

20

21

22

23

24

25

26

27

28